# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ZANTWAN DEVORRIS WORTHY, | ) | |
| | ) | **ORDER,** |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV563 |
| | ) | 1:07CR127-1 |
| Respondent. | ) | |

Petitioner Zantwan Devorris Worthy, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 39).[1] Petitioner was indicted on, and pled guilty to, a single count of distribution of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (docket nos. 1, 10, 11). Petitioner was sentenced to 188-months imprisonment (docket no. 16). Petitioner did file a direct appeal, but the judgment was affirmed (docket nos. 37, 38). He then filed his current motion under Section 2255. Respondent has filed a response (docket no. 45), Petitioner has filed a reply (docket no. 49), and Petitioner's 2255 motion is now before the court for a decision.[2]

---

[1] This and all further cites to the record are to the criminal case.

[2] Also pending on the docket are two motions by Petitioner for extensions of time to file his reply brief (docket nos. 47, 48). Those motions will be granted, and his reply will be considered timely.

## PETITIONER'S CLAIMS

Petitioner sets out only two claims for relief, although each claim has several subparts. His first claim is that he was "actually innocent" of being a career offender because the predicate offenses supporting the career offender enhancement under USSG § 4B1.1 did not, for one reason or another, qualify as proper predicates. He also adds that the Presentence Report (PSR) did not set out the statutory definitions of the predicate offenses. Petitioner's second claim is one for ineffective assistance of counsel. He contends that his attorney did not properly investigate his prior convictions, did not object to the sentencing judge's lack of consideration of the sentencing factors set out in 18 U.S.C. § 3553(a), did not make the argument that Petitioner did not qualify as a career offender under USSG § 4B1.1, and did not file a petition for certiorari after Petitioner requested one be filed.

## DISCUSSION

### Claim One

Petitioner's first claim is a wide-ranging attack on his being sentenced as a career offender under the United States Sentencing Guidelines (USSG). A defendant is a career offender if he is an adult at the time of the instant offense; the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence" and "controlled substance offense" are defined in USSG § 4B1.2. A "crime of violence"

includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offense is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

Here, the PSR stated that Petitioner was a career offender based on convictions described in paragraphs 27 and 31 of the PSR (PSR ¶ 15). Paragraph 27 identified two convictions which were consolidated for judgment in the state courts: One was for Felonious Trafficking in Cocaine, while the other was for Felonious Possession with Intent to Sell/Deliver Marijuana. Regarding the cocaine conviction, Petitioner cites to the case of *United States v. Brandon*, 247 F.3d 186 (4th Cir. 2001). There, the United States Court of Appeals for the Fourth Circuit discussed the difficulties involved in determining whether a conviction for "trafficking in cocaine" in North Carolina was a predicate offense for the Armed Career Criminal enhancement.[3] This is because North Carolina's trafficking statute, N.C. GEN. STAT. § 90-95, prohibits not only trafficking by selling, manufacturing, transporting or

---

[3] That enhancement used a definition of "serious drug offense" which, for purposes of this opinion, is operationally similar to the definition of "controlled substance offense" used in USSG § 4B1.2. Both require an intent to manufacture, distribute, or possess with the intent to do these things, as opposed to mere possession.

delivering, but also trafficking by possession. Because USSG § 4B1.2 does not include possession crimes as controlled substance offenses, some convictions under N.C. GEN. STAT. § 90-95 do not qualify as career offender predicates. Petitioner argues that his cocaine conviction is one such conviction.

Even if Petitioner is correct concerning his cocaine conviction, this fact does him no good. This is because paragraph 27 of the PSR also listed the conviction for Felonious Possession of With Intent to Sell/Deliver Marijuana. If the cocaine conviction did not qualify as a predicate offense because of a failure to set out the necessary intent, this is not true for the marijuana conviction. It is explicitly a felony drug conviction based on an intent to sell or deliver, which would meet the distribution requirement of USSG § 4B1.2. Therefore, Petitioner's argument concerning his cocaine conviction is moot unless he can successfully challenge his marijuana conviction. His attempts to do just that will be discussed below. For now, however, his claim based on his cocaine conviction should be denied as irrelevant.

Petitioner's next argument regarding his designation as a career offender is that the "PSR Failed To Ascertain The Statutory Definitions Of The State of North Carolina Convictions Prior To Enhancing Petitioner's Sentence As A Career Offender." (docket no. 40 at 4). Although Petitioner is correct that the PSR did not gather and recites the statutory definitions for Petitioner's predicate convictions, the court knows of no requirement that this be done in the PSR. If Petitioner's convictions did not meet the USSG § 4B1.2 definitions of predicate offenses, this

could have been raised by his attorney; and the issue could have been examined further with the parties gathering the necessary statutory definitions. Nevertheless, if this was not done, it was apparently because Petitioner's marijuana conviction quite clearly involved the requisite intent to sell or deliver, i.e. distribute, the drug. This argument should also be denied.[4]

Petitioner next attacks his marijuana conviction by claiming that the conviction did not carry a maximum penalty in excess of one year of imprisonment as required to allow it to be used as a predicate offense under USSG § 4B1.2. This is incorrect. Petitioner concedes that the offense was a Class I felony under North Carolina law (docket no. 40 at 6). Under controlling Fourth Circuit precedent, Class I felonies in North Carolina do carry a penalty of more than one year of imprisonment. This is so whether an offender actually receives a year or not. The statutory maximum is judged instead by the highest sentence that the worst offender could have received under the statute of conviction. Class I felonies in North Carolina, including convictions for possession with intent to distribute marijuana, carry penalties exceeding one year. *United States v. Simmons*, ___ F.3d ___, 2011 WL 546425 (4th Cir. Feb. 16, 2010); *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). Petitioner's marijuana conviction quite clearly did carry the necessary maximum penalty.

---

[4] Petitioner has produced no evidence to show that his convictions were not just as described in the PSR.

Next, Petitioner contends that the convictions in paragraph 27 of the PSR were invalid because they violated the constitutional prohibition against Double Jeopardy. He bases this argument on the fact that he was sentenced to both a suspended term of imprisonment and a fine for those convictions. He believes that this constituted impermissible double punishment based on *United States v. Halper*, 490 U.S. 435 (1989), which held that where an offender had previously been subjected to a criminal penalty, he could not later be subjected to a civil penalty if the civil penalty was a "punishment" for purposes of the Constitution. Petitioner contends that *Halper* applies because he received both a prison sentence and a fine.

This assertion easily fails. Double jeopardy can occur only where there are two successive proceedings where penalties are imposed. *Hudson v. United States*, 522 U.S. 93, 99 (1997). Here, so far as the record shows, Petitioner was sentenced to prison and fined at one criminal proceeding. This was not double jeopardy. The fact that paragraph 27 indicates that a lien to enforce the fine was later imposed does not change this. Nor would it render the original punishments invalid in any event given that the lien was the later event. This claim should be denied. Petitioner's conviction for Felonious Possession with Intent to Sell/Deliver Marijuana clearly provided one of the necessary predicates for the career offender enhancement.

Petitioner also attacks the other predicate offense, a conviction for Felonious Attempted Common Law Robbery (PSR ¶ 31). Petitioner argues that the conviction

is not a "crime of violence" under USSG 4B1.2 even though attempted crimes are included and "robbery" is explicitly listed as a crime of violence in Application Note 1 of that Guideline. He states that it does not qualify in North Carolina because North Carolina does not define common law robbery as necessarily including the use, attempted use, or threatened use of physical violence against another person. This is incorrect. North Carolina defines common law robbery as "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Parker*, 322 N.C. 559, 566, 369 S.E.2d 596, 600 (1988). The Fourth Circuit interprets "putting in fear" to meet USSG § 4B1.2's "threatened use of force" language. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991) (discussing "putting in fear" language from Maryland's robbery definition); *United States v. Humphries*, 147 Fed. Appx. 361 (4th Cir. 2005) (attempted common law robbery a "crime of violence"). Therefore, attempted robbery in North Carolina is, by definition, a crime involving the use, attempted use, or threatened use of force against the person of another.[5] As such, it is also a predicate offense under USSG § 4B1.1. Petitioner had two qualifying predicate offenses; and, therefore, he was properly determined to be a career offender under the USSG. His entire first claim for relief should be denied.[6]

---

[5] Petitioner seeks to put into evidence the actual facts underlying his attempted robbery conviction. This is not proper where the crime of conviction is, by definition, a crime of violence. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991).

[6] Petitioner also attempts to address a conviction for misdemeanor assault inflicting (continued...)

## **Claim Two**

Petitioner's other claim is one for ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner's first allegation of ineffective assistance of counsel is that his attorney improperly conceded that he qualified as a career offender. For reasons already noted, however, that concession was not erroneous and could not have prejudiced Petitioner. He did qualify as a career offender.

---

[6](...continued)
serious injury that was consolidated with the attempted robbery conviction. Given that Petitioner had two other qualifying convictions, the assault conviction is irrelevant.

Petitioner next contends that counsel was ineffective for not seeing that the sentencing judge consider Petitioner's sentence in light of the factors listed in 18 U.S.C. § 3553(a) and for making a determination that his career offender sentence under the USSG was reasonable. This claim also fails easily. Counsel specifically argued that: "The career offender guideline, as I said in my brief, more than triples [the Guidelines range]. That, Your Honor, is inappropriate under 3553(a)" (docket no. 20 at 13). He then went on to argue at length the 3553(a) factors and to explain why the sentencing judge should sentence Petitioner below the career offender range (*id.* at 13-17). The sentencing judge indicated that he considered the 3553(a) factors and the arguments of Petitioner's attorney. In the end, he simply concluded that the career offender range was appropriate (*id.* at 34-35). There was nothing more that Petitioner's attorney could have done. This claim should be denied.

Petitioner's next allegation is that his attorney provided ineffective assistance on appeal because she did not challenge Petitioner's prior convictions that led to his status as a career offender. Again, there was no meritorious challenge to be raised. Petitioner's attorney did not commit error or prejudice him in not raising this claim on appeal.

Finally, Petitioner claims that he received ineffective assistance of counsel on appeal when his attorney did not file a petition for a writ of certiorari with the United States Supreme Court even though he requested that a petition be filed. The filing of a petition for certiorari is a form of discretionary review occurring after the first

round of appellate review. The constitutional right to appointed counsel does not extend beyond the first appeal as of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Where there is no constitutional right to counsel, there can be no constitutional deprivation of effective assistance. *See Evitts v. Lucey*, 469 U.S. 387, 397 n.7 (1985) ("The right to effective assistance is dependant on the right to counsel itself."). Accordingly, if Petitioner is to state a claim of ineffective assistance here, it must be based upon some other source than the Constitution.

Petitioner's attorney was appointed to represent him by the Fourth Circuit Court of Appeals (docket no. 19). The failure to carry out the duties mandated by the Fourth Circuit plan for implementing the Criminal Justice Act of 1964 by an attorney appointed to represent a defendant under that plan can constitute ineffective assistance. *Proffitt v. United States*, 549 F.2d 910 (4th Cir. 1976). That plan requires that counsel inform a defendant of the right to file a petition for certiorari and that counsel file the petition if the defendant requests it in writing and if counsel feels there are grounds for seeking Supreme Court review. *McGill v. United States of America*, No. C.A. 005-821-CMC, No. CR. 0:99-659, 2006 WL 208863 (D.S.C. Jan. 25, 2006); Fourth Circuit Plan § V.2, "Attorney's Duty to Continue Representation, Appellate Counsel." If a requested petition would only present frivolous claims, counsel may withdraw from the case. *Austin v. United States*, 513 U.S. 5 (1994).

In addition to demonstrating that his attorney failed to meet the requirements of the Fourth Circuit Plan, Petitioner must also demonstrate that he was prejudiced. Other courts in similar situations have refused to presume prejudice from errors connected to the filing of certiorari petitions. Instead, they require that a petitioner demonstrate prejudice. *See, e.g., Linton v. United States*, No. Civ. A. 1:04CV57, No. Crim. A. 1:97CR22, 2007 WL 984053 (N.D.W.Va. Mar. 26, 2007) (unpublished); *United States v. Sawyer*, No. Crim. 99-35-02, No. Civ. 03-4090, 2005 WL 2085115 (E.D. Pa. Aug. 25, 2005) (unpublished); *United States v. Eisenhardt*, 10 F. Supp. 2d 521 (D. Md. 1998). A primary consideration in the prejudice analysis is the grounds raised on appeal which could then have been pursued in a petition for certiorari. Losing the chance at a certiorari petition that all reasonable attorneys would agree would have been "dead on arrival" in the Supreme Court does not prejudice a petitioner. *Linton*, 2007 WL 984053, at *11; *Eisenhardt*, 10 F. Supp. 2d at 523. A petitioner could perhaps show prejudice by demonstrating that his case involved "significant constitutional questions likely to warrant certiorari review by the Supreme Court." *Linton*, 2007 WL 984053, at *11.

Here, Petitioner has not shown that he had any remotely viable claim to raise in a petition for certiorari. Moreover, he actually did file a *pro se* petition for certiorari in which he presumably raised any and all issues that he wished to raise. That petition was denied. *Worthy v. United States*, ___ U.S. ___, 130 S. Ct. 1922 (2010). Even assuming purely for the sake of deciding this motion that an error occurred on

the part of Petitioner's appellate counsel, Petitioner cannot show prejudice. His final claim should be denied, as should his entire 2255 motion.

Accordingly, Petitioner's motions for extension of time (docket nos. 47, 48) are **GRANTED,** and his reply brief is deemed timely filed.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 39) be **DENIED,** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
March 21, 2011